# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# WESTERN DIVISION

| | |
|---|---|
| LATASHA BURCH, } | |
| } | |
| Plaintiff, } | |
| } | |
| v. } | Case No.: 7:11-CV-2342-RDP |
| } | |
| AMERONC, INC., } | |
| } | |
| Defendant. } | |

## MEMORANDUM OPINION

This matter is before the court on Defendant's Motion for Summary Judgment. (Doc. # 11). The matter has been fully briefed. (Docs. # 12, 14, 16). The issue is whether Plaintiff's claims against Defendant, her former employer, are precluded by her failure to disclose them in her bankruptcy matter.

**I.      Background**

On February, 16, 2009, Burch filed a Chapter 13 bankruptcy petition in the Northern District of Alabama. The Chapter 13 plan was confirmed on June 5, 2009. (U.S. Bankruptcy Court Northern District of Alabama, Case No. 7:09-bk-70375).

In July 2010, while her bankruptcy case was still pending, Burch believed that she was being racially discriminated against by AmerOnc with respect to her wages, during a time period stretching back to March 2010. (Doc. # 15). Burch contacted the EEOC and, on July 14, 2010, completed an intake questionnaire and submitted it to EEOC. (Doc. # 15).

After doing so, Burch called Rod Shirley, her bankruptcy attorney, and told him she was filing an EEOC charge and why. (Doc. # 15). Burch claims Shirley told her that the EEOC claim

would be considered post-petition since it occurred after the date of filing her bankruptcy and, therefore, she did not have to list the claim as an asset in the bankruptcy. (Doc. # 15).

Shortly thereafter, on July 28, 2010, converted her[1] Chapter 13 bankruptcy case to Chapter 7 to obtain a discharge of her debts. (Doc. # 15). Burch claims that again, she asked Shirley (her bankruptcy attorney) about her EEOC claim, and he told her that because it arose post-petition, it did not need to be listed as an asset. (Doc. # 15).

AmerOnc terminated Burch's employment on August 9, 2010. Thereafter, Burch contacted the EEOC, which sent her another intake questionnaire. (Doc. # 15). She completed the documents and returned them to the EEOC. (Doc. # 15). Burch subsequently retained counsel and filed a second EEOC charge, regarding her termination. (Doc. # 15).

Burch did not inform Shirley, her bankruptcy attorney, that she had been terminated from AmerOnc, nor did she tell him about her second EEOC charge. (Doc. # 15). According to Burch, this was because of what Shirley had previously told her how post-petition claims should be handled. (Doc. # 15).

The following is a helpful chronology of the events taken from the Rule 56 file (and mostly supplied by Plaintiff):

| | |
|---|---|
| 2/16/09 | Burch files Chapter 13 bankruptcy |
| 6/5/09 | Burch's Chapter 13 confirmed |
| 7/24/10 | Burch submits EEOC charge claiming disparate pay since 3/10 |
| 7/28/10 | Burch converts bankruptcy to Chapter 7 |
| 8/9/10 | Burch is terminated |

---

[1] The relevant bankruptcy filing was jointly filed by Plaintiff along with her husband.

| | |
|---|---|
| 9/15/10 | Burch files second EEOC charge on termination |
| 10/04/10 | Burch is discharged from Chapter 7 |
| 4/20/2011 | Chapter 13 Trustee's Final Report and Account. |
| 6/29/2011 | Plaintiff files her Complaint in this action. |

(Doc. # 14).

**II.  Analysis**

Defendant's motion argues that Plaintiff is judicially estopped from pursuing her claims in this matter because she knowingly concealed or failed to disclose these claims as assets in her bankruptcy proceeding. In response, Plaintiff contends that (1) her discrimination claims were not assets of the bankruptcy estate, and (2) AmerOnc has no evidence that Burch attempted to make a "mockery" of the judicial system in not disclosing the claims. (Doc. # 14).

"Judicial estoppel is an equitable doctrine invoked at a court's discretion." *Burnes v. Pemco Aeroplex, Inc.*, 291 F.3d 1282, 1285 (11th Cir. 2002) (citing *New Hampshire v. Maine*, 532 U.S. 742, 750 (2001)).  This doctrine "prevents a party from asserting a claim in a legal proceeding that is inconsistent with a claim taken by that party in a previous proceeding." *New Hampshire*, 532 U.S. at 749 (internal quotations omitted).  Although there are neither "inflexible prerequisites [n]or an exhaustive formula for determining the applicability of judicial estoppel," the Supreme Court has elucidated several factors which typically inform the decision whether or not to apply judicial estoppel in a particular case. *Id.* at 751.  "First, a party's later position must be 'clearly inconsistent' with its earlier position." *Id.* at 750 (string citation omitted).  "Second, courts regularly inquire whether the party has succeeded in persuading a court to accept that party's earlier position, so that judicial acceptance of an inconsistent position in a later proceeding would create 'the perception that

3

either the first or the second court was misled ...'" *Id.* (quoting *Edwards v. Aetna Life Ins. Co.*, 690 F.2d 595, 599 (6th Cir. 1982)).  Third, there must be a showing that "the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped." *Id.* at 751.

Courts in the Eleventh Circuit consider two additional factors in applying the doctrine of judicial estoppel to a particular case.  "First, it must be shown that the allegedly inconsistent positions were made under oath in a prior proceeding.  Second, such inconsistencies must be shown to have been calculated to make a mockery of the judicial system." *Burnes v. Pemco Aeroplex, Inc.*, 291 F.3d 1282, 1285 (11th Cir. 2002).  However, these two factors are not "inflexible or exhaustive," and therefore the court must give due consideration to all of the circumstances of a particular case when considering the applicability of judicial estoppel. *Id.* at 1286.

Plaintiff's argument that her claims were not assets of the bankruptcy estate is wholly without merit.  An unliquidated contingent claim is an asset an asset of the estate.  Item 21 on Schedule B requires disclosures of "Other contingent and unliquidated claims of every nature ... ."  (Doc. # 13 at 19).  Plaintiff's disparate pay claim existed at the time she converted her Chapter 13 filing to Chapter 7 and filed amended schedules.  Plaintiff failed to disclose her claim on the amended schedules.  (Doc. # 13 at 19).  Admittedly, Plaintiff's termination claim arose after the conversion to Chapter 7, but she was aware of that claim prior to her bankruptcy discharge on October 4, 2010.  Notwithstanding these undisputed facts, her schedules were not amended to disclose that additional contingent and unliquidated claim.  (Doc. # 13 at 19).

The duty to disclose all assets and potential assets to the bankruptcy court is a *continuing duty* that does not end once the debtor's forms are submitted. *Robinson v. Tyson Foods, Inc.*, 595 F.3d

1269, 1274 (11th Cir. 2010) (citing *Burnes*, 291 F.3d at 1286). This duty applies to proceedings under both Chapter 13 and Chapter 7 of the Bankruptcy Code. *Id.* "[A]ny distinction between the types of bankruptcies available is not sufficient enough to affect the applicability of judicial estoppel because the need for complete and honest disclosure exists in all types of bankruptcies." *Id.* (quoting *DeLeon v. Comcar Industries, Inc.*, 321 F.3d 1289, 1291 (11th Cir.2003)); *accord Mason v. Mitchell's Contracting Service, LLC*, 816 F.Supp.2d 1178, 1186 (S.D. Al. 2011).

Plaintiff further argues that she should not be subject to judicial estoppel because she is not responsible for the statements that were submitted to the bankruptcy court in her name. Specifically, in her Declaration, Plaintiff states that she made her bankruptcy attorney aware of her first EEOC charges and that he told her she did not have to disclose them. (Doc. # 15 at 4). She did not inform him of her second EEOC charge. Interestingly, Plaintiff admits that, in July 2010, she and her husband "completed and signed all documents for the conversion [to Chapter 7]." (Doc. # 15 at 4). Those documents (*i.e.*, the amended schedules) were filed with the Bankruptcy Court with a Declaration bearing Plaintiff's electronic signature which states, "I declare under penalty of perjury that I have read the foregoing amended information and it is true and correct to the best of my knowledge, information and belief." (Doc. # 13 at 14).

Plaintiff has neither argued nor offered any evidence that her bankruptcy counsel signed her name electronically to the declaration without her permission. She merely asserts that she relied on her attorney's advice that she did not need to disclose the claims against Defendant. Thus, there is no real dispute that Plaintiff has taken inconsistent positions under oath. The Bankruptcy Court discharged Plaintiff from bankruptcy unaware of the two contingent and unliquidated claims against Defendant that are asserted in this case. There is no question that the Bankruptcy Court was misled

by Plaintiff's position regarding item number 21 on Schedule B. (Doc. # 13 at 19). Moreover, Plaintiff derived unfair advantage to the extent that any portion of any creditor's claim was discharged when Plaintiff had undisclosed contingent asserts. (*See* Doc. # 13 at 50). Therefore, the matter turns upon the question of intent.

Plaintiff argues that judicial estoppel should not be applied in this situation because she did not attempt to "game" the system, and any error was attributable to her bankruptcy attorney, not to her. Even assuming the accuracy of Plaintiff's version of what transpired between her and her bankruptcy attorney (and to be clear the court must so assume that on a Rule 56 Motion), just as in *Mason*, "[t]his argument does not forestall the application of judicial estoppel." *Mason*, 816 F.Supp.2d at 1188. Plaintiff "voluntarily chose h[er] attorney as h[er] representative in the bankruptcy action and, therefore, cannot escape any deficiencies in h[er] case even if they are the result of negligence or omissions on h[er] attorney's part." *Mason*, 816 F.Supp.2d at 1188 (citing *Link v. Wabash Railroad Co.*, 370 U.S. 626, 633 (1962) and *Barger v. City of Cartersville*, 348 F.3d 1289, 1293 (11th Cir. 2003)). In *Barger*, under similar circumstances, the Eleventh Circuit stated, "Although it is undisputed that Barger's attorney failed to list Barger's discrimination suit on the schedule of assets despite the fact that Barger specifically told him about the suit, the attorney's omission is no panacea." *Barger*, 348 F.3d at 1295. "[I]f an attorney's conduct falls substantially below what is reasonable under the circumstances, the client's remedy is against the attorney in a suit for malpractice. But keeping [the employment] suit alive merely because plaintiff should not be penalized for the omissions of h[er] own attorney would be visiting the sins of plaintiff's lawyer upon the defendant." *Id., (citing Link*, 370 U.S. at 634, n.10). Moreover, "[e]ven if [Plaintiff's] failure to disclose could be blamed on her attorney, the nondisclosure could not in any event be

6

considered inadvertent.  The failure to comply with the Bankruptcy Code's disclosure duty is 'inadvertent' only when a party either lacks knowledge of the undisclosed claim or has no motive for their concealment." *Id.*  Furthermore, "[o]mitting the discrimination claims from the schedule of assets appeared to benefit Plaintiff because, by omitting the claims, she could keep any proceeds for herself and not have them become part of the bankruptcy estate." *Id.*

Based on the foregoing, the court finds that application of the doctrine of judicial estoppel is appropriate in this case.  Plaintiff failed to disclose her pay and termination claims to the Bankruptcy Court.  *See Mason*, 816 F.Supp.2d at 1189.  Therefore, Plaintiff is estopped from collecting monetary damages[2] from Defendant in the instant action.  A separate order will be entered.

**DONE** and **ORDERED** this ___25th___ day of April, 2012.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE

---

[2] Obviously, this ruling does not have any effect on Plaintiff's claims for declaratory and injunctive relief.  *Barger*, 348 F.3d at 1297.